

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00365-CR

___

HUTOKA CHARLYN AVERITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. 1551591, Honorable Phillip A. Sorrells, Presiding

___

July 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., CAMPBELL and PIRTLE, JJ.

After appellant Hutoka Charlyn Averitt was charged by information with the misdemeanor offense of resisting arrest,[1] she was convicted of the charge by a jury. The court assessed punishment of 120 days of confinement, probated for a period of two years. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of his motion to withdraw. We will affirm and grant counsel's motion to withdraw.

___

[1] TEX. PENAL CODE ANN. § 38.03(a) (West 2018).

[2] *Anders v. California,* 386 U.S. 738 (1967).

The record reflects that appellant was the driver of a car stopped by a patrolling White Settlement, Texas, police officer. Appellant's husband was a passenger. The officer explained to appellant that he stopped her because the car's rear license plate light was not illuminated. When the officer requested appellant's driver's license, she responded she "didn't have it," and refused to provide another form of identification. Another officer arrived on the scene to provide assistance.

Both officers testified to efforts to persuade appellant to provide identification, and, failing that, to follow instructions to get out of the car. Appellant refused to exit the car and continued to refuse even after she opened the door. At a point, an officer told her she was under arrest for failure to identify herself and for failure to provide her driver's license.[3] After consulting a supervisor, the officers began efforts to remove appellant from the car physically. She gripped the steering wheel with her arms and forced her knees underneath the steering wheel. With effort, the officers removed her from the car, overcoming her pulling away from them and refusing to move from her "wedged" position between the steering wheel and her seat. She was placed under arrest. Two recordings of the interaction, one from the officer's patrol car and one from the officer's body cam, were admitted into evidence at trial.

Appellant also testified at trial. She told the jury the car belonged to a friend and she was unaware the license plate light was not working. She explained that she refused to get out of the car because she was afraid of the officer, and said he told her she was not under arrest. She also said she felt she had been assaulted by the officer, said she

---

[3] *See* TEX. TRANSP. CODE ANN. § 521.025 (West 2017) (providing that it is a misdemeanor offense if a person fails to possess while operating a motor vehicle a valid driver's license and fails to display such license on demand by a peace officer).

did not resist arrest, did not intend to resist arrest, and only pulled away from and grabbed at the officer to avoid further assault. During cross-examination, she told the jury her reasons for believing she did not need a driver's license and why she did not believe she needed to identify herself to the officer.

In support of his motion to withdraw, appellant's appellate counsel has certified he has conducted a conscientious examination of the record and expressed his opinion it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders,* 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel has explained why, under the controlling authorities, the record supports appellant's conviction and the lawfulness of the sentence imposed. *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).

Counsel has further demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to appellant, (2) notifying her of her right to review the appellate record and providing her a pro se motion through which she may request a copy of the record, and (3) informing her that she may file a pro se response to the brief if she desired to do so. *In re Schulman,* 252 S.W.3d at 408; *see Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on filing a motion to withdraw supported by an *Anders* brief). By letter, this court granted appellant an opportunity to exercise her right to file a response to counsel's brief. Appellant did not file a response.

We have also conducted our own review of the entire record to assess the accuracy of counsel's conclusions and to independently determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal.

*Penson v. Ohio,* 488 U.S. 75, 80 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues.

After carefully reviewing the appellate record and counsel's brief, we conclude there is no plausible basis for reversal of appellant's conviction. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.[4] TEX. R. APP. P. 43.2(a).

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is issued, send appellant a copy of the opinion and judgment, along with notification of her right to file a pro se petition for discretionary review. TEX. R. APP. P. 48.4.